IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TL SERVICES, INC.                                                    PLAINTIFF

v.                              No. 2:17-CV-02029

CAMPBELL & FORD
CONSTRUCTION, INC.                                          DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Campbell & Ford Construction, Inc.'s motion (Doc. 9) to dismiss and brief in support (Doc. 10). Defendant has also filed an affidavit (Doc. 11) from Michael Campbell, a shareholder and officer, in support of its motion. Plaintiff TL Services, Inc. has filed a response (Doc. 13) and brief in support (Doc. 14). Plaintiff has also submitted the applicable contracts (Doc. 13-1) between the parties and copies of invoices (Doc. 13-2) submitted to Plaintiff by Defendant. Defendant argues that the Court lacks personal jurisdiction over it and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff does not contest the facts set out in the affidavit, but argues that personal jurisdiction still exists. The motion to dismiss will be GRANTED.

## I.    Jurisdictional Facts

The relevant undisputed facts are as follows: Plaintiff is an Arkansas corporation with its principal place of business in Arkansas and Defendant is a Tennessee corporation with its principal place of business in Tennessee. Plaintiff is a contractor renovating and expanding a VA Medical Center in Houston, Texas. Defendant previously subcontracted to perform concrete work for Plaintiff on a VA Medical Center in Memphis, Tennessee. In 2015, one of Plaintff's employees, Scott Cuningham (who was superintendent on the Memphis project), contacted Defendant. Cunningham described Plaintiff's Houston project, explained that problems had arisen with the

1

concrete subcontractor and a replacement subcontractor was needed, and inquired whether Defendant wanted to submit a bid for the Houston VA Medical Center. Defendant was interested, and was told to contact another of Plaintiff's employees to learn more about the project. After a series of emails regarding project specifications and bid requirements, Defendant traveled to Houston to meet with Cunningham and another of Plaintiff's employees, and subsequently submitted a successful bid. Shortly thereafter, Plaintiff and Defendant contracted for Defendant to perform concrete work for the Houston project. Until the events giving rise to the breach of contract claim, Defendant performed all services in Texas and did not travel to Arkansas, but did send billing invoices to Plaintiff in Arkansas.

## II.     Personal Jurisdiction Analysis

Whether the Court can exercise personal jurisdiction over Defendant requires an analysis of two issues: (1) whether the exercise of personal jurisdiction over Defendant is allowed under the forum state's long-arm statute; and (2) whether the exercise of personal jurisdiction over Defendant comports with due process. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387–88 (8th Cir. 1991). "Arkansas's long-arm statute provides for jurisdiction over persons and claims to the maximum extent permitted by constitutional due process." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (citing Ark. Code Ann. § 16-4-101). The sole issue for analysis, then, is whether the Court can exercise personal jurisdiction over Defendant consistent with due process. Plaintiff bears the burden of persuasion on this issue:

> When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists. To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion. Where no hearing is held on the motion, we must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, the party seeking to establish the court's

personal jurisdiction carries the burden of proof and that burden does not shift to
the party challenging jurisdiction.

*Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citations and quotations

omitted).  Because the Court is not holding a hearing on this motion, the evidence is viewed and

factual conflicts are resolved in Plaintiff's favor.

A court may exercise personal jurisdiction over an out-of-state defendant consistent with

due process so long as the defendant has minimum contacts with the state such that maintaining

the lawsuit does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co.*

*v. State of Wash., Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945).

Where the defendant's contacts with the forum state are so systematic and continuous that the

defendant can fairly be said to be "at home" in the state, then courts in that state may exercise

personal jurisdiction over the defendant in any case or controversy.  *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).   When the defendant's contacts are this

substantial, a court is said to be exercising "general jurisdiction."  *Id.*  Where the defendant's

contacts are too minimal for a court to exercise general jurisdiction, it may still exercise "specific

jurisdiction" over those cases or controversies that arise out of or relate to the defendant's contacts

with the forum (provided that exercising jurisdiction on the basis of those contacts does not offend

traditional notions of fair play and substantial justice).  *Daimler AG v. Bauman*, 571 U.S.--, 134

S. Ct. 746, 754 (2014).

A.      **General Jurisdiction**

General jurisdiction may be exercised over a corporation whose "continuous corporate

operations within a state [are] so substantial and of such a nature as to justify suit against it on

causes of action arising from dealings entirely distinct from those activities."  *Int'l Shoe*, 326 U.S.

at 318.  For a corporation's contacts with a forum state to reach this level, the corporation must

essentially be "at home" in the state. *See Goodyear*, 564 U.S. at 928–29 (comparing general jurisdiction analyses in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) and *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), and focusing on the fact that the defendant in *Perkins* conducted its sole wartime business activity in the forum state). In all but the "exceptional case," a corporation will likely be at home, and therefore subject to general jurisdiction, only in "its formal place of incorporation or principal place of business." *Bauman*, 134 S.Ct. at 762 n.19 (2014).

Defendant is incorporated in and maintains its principal place of business in Tennessee. It may fairly be said to be "at home" in Tennessee, and courts in that forum may exercise personal jurisdiction over it in any matter. Plaintiff notes that Campbell's affidavit "does not speak to [Defendant]'s history with the other previous contract with [Plaintiff] and whether other business dealings brought [Defendant] or its representatives or agents to Arkansas." (Doc. 13, pp. 3–4). One previous contract with Plaintiff and speculation that other activities have occurred are not enough to fairly say that Defendant is "at home" in Arkansas. This Court does not have general jurisdiction over Defendant.

**B.      Specific Jurisdiction**

Specific jurisdiction may be exercised over a corporation when a case or controversy arises out of that corporation's contacts with the forum. *Int'l Shoe*, 326 U.S. at 319 ("[T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protections of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue."). The Eighth Circuit has traditionally employed a five-

factor test to determine whether the alleged contacts a defendant has with a forum state are sufficient to exercise personal jurisdiction over the defendant comporting with due process. *Fastpath, Inc.*, 760 F.3d at 821. The Eighth Circuit analyzes "1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties." *Id.* The first three factors have been considered the most significant. *Id.* Indeed, Supreme Court decisions like *Bauman* and *Goodyear* clarify that the third factor is of primary importance. *Bauman*, 134 S.Ct. at 754 (explaining that specific jurisdiction is the adjudicatory authority in suits arising out of or relating to a defendant's contacts with the forum state); *Goodyear*, 564 U.S. at 923–24 (same). The Eighth Circuit test can be used by the Court to determine "whether the suit arises out of or is related to the Defendants' contacts with the forum and whether Defendants engaged in activities in the forum that reveal an intent to invoke or benefit from the protection of its laws." *Pangaea, Inc.*, 647 F.3d at 746. It is not mechanically applied. *Id.* at n.4.

In support of its argument that the Court has specific jurisdiction over Defendant, Plaintiff points out that Plaintiff is an Arkansas corporation doing business in Arkansas. Plaintiff argues that "Arkansas has a primary interest in protecting its corporations." (Doc. 13, p. 4). Plaintiff also points out that Defendant had previously worked on a project for Plaintiff and knew Plaintiff was in Arkansas. For a personal jurisdiction analysis, this is essentially immaterial. The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Fastpath, Inc.*, 760 F.3d at 823 (quoting *Walden*, 134 S.Ct. at 1125).

Plaintiff notes that by their terms the contracts with Defendant are to be applied using Arkansas law, and Defendant sent billing invoices to Plaintiff in Arkansas.[1] The Court also notes that Defendant sent its bid for the Houston project to Plaintiff in Arkansas. Other than this, Defendant's activities giving rise to this lawsuit occurred in Texas. The nature, quality, and quantity of these contacts is minimal. Furthermore, the cause of action is not strongly related to those contacts, but instead arises out of Defendant's contacts with Texas. That the contracts select a forum's law does not mean that the parties to the contracts have also selected a forum's courts. Defendant's bid may have been sent to Plaintiff in Arkansas, but it was in direct response to Plaintiff's solicitation of that bid. Likewise, Defendant's billing invoices may have been sent to Arkansas, but that is because that is where Plaintiff chose to locate. Nothing in the contract directed that invoices be sent to Arkansas—only to Plaintiff. Plaintiff's actions dictated that these events be directed into Arkansas. A plaintiff's "unilateral performance in the forum state is insufficient to support the exercise of personal jurisdiction over" a defendant. *Mountaire Feeds, Inc. v. Agro Impex, S. A.*, 677 F.2d 651, 655 (8th Cir. 1982). Any activities Defendant directed at Arkansas primarily comprise use of the arteries of interstate commerce. That Arkansas was the terminus for the arteries of interstate commerce used by Plaintiff and Defendant does not render this state an appropriate forum. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (explaining that when communications and payments into a state are incidental, rather than purposeful availment of the benefits and protections of the forum state, those activities are too attenuated to justify the exercise of personal jurisdiction).

This is a dispute that arises out of Defendant's contacts with Texas, not Arkansas.

---

[1] Plaintiff's speculation about Defendant's other business dealings in Arkansas, and whether Defendant's representatives or agents have come to Arkansas, are immaterial to the specific jurisdiction analysis because the dispute does not arise out of or relate to those contacts.

Defendant's performance of its obligations was to be in Texas.  Whether Defendant's conduct breached the contracts is the focus of this lawsuit.  The bid and billing invoices are incidental to that conduct.  This Court does not have specific jurisdiction over Defendant.

Because the Court is granting the motion to dismiss due to lack of personal jurisdiction, it does not reach the alternative relief requested in the motion.

**III.    Conlcusion**

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 9) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.  Judgment will be entered accordingly.

IT IS SO ORDERED this 18th day of May, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE